The opinion of the court was delivered by
Manning, C. J.
This is a proceeding by mandamus t'o compel the *117 parish, judge of Ouachita to grant an appeal from his order imprisoning the relator for disobedience of a mandate to file an account of his administration of the succession of O. H. Morrison.
Creditors of the succession had instituted proceedings against the relator, calling for an account of his gestión, and on May 27,1878, a formal judgment was entered ordering the administrator to file such account within ten days. In the following month, the administrator applied for an extension of the time, and it was granted. On July 1st. another application was made for a further extension, and it was also granted — the 19th. of same month being fixed as the limit. On Oct. 7th. following, no account having been filed, Wallace & Co, and other creditors of the succession, took a rule upon the administrator to shew cause why he should not be imprisoned for disobedience of the order of the court, and until he does obey that order, which was duly served. On the following day a peremptory order was made that the administrator should file his account on or before the 14th. of same month under penalty of imprisonment. An exception was then filed to the proceedings on three grounds; — 1. That no mandate had issued to the administrator, and therefore the motion to imprison was premature; 2. That no citation or copy of petition had be-'n served on him, and the ten days delay had not heen accorded him for answering; 3. That no indictment or information had been found or filed against him, and that he cannot be arrested and imprisoned without such indictment or information, and that any proceeding to deprive him of his liberty without such criminal prosecution is unconstitutional, and all laws authorizing it are void.
The second and third grounds of exception are untenable. The service of the order of the Court was the proper manner of notice under the rule, and the administrator was not entitled to the delay given for answering an ordinary suit. It cannot be seriously contended that a court cannot imprison for contempt unless an indictment for the of-fence has been found, or an information laid. That would be equivalent to saying that a ciurt cannot punish a contempt by imprisonment, since the act committed is in most cases not an indictable offence. The lower Court evidently considered the first ground more serious, as it proceeded immediately to obviate the objection.
On Oct. 9th., after the exception was filed, a peremptory mandate issued in the name of the State, commanding the administrator to file his account on or before Oct. 14th. under penalty of imprisonment. The account was not filed, but on that day the administrator answered. He alleges that his delay has been caused by circumstances over which he had no control — that during the month of July he was engaged in attendance on this Court at Monroe, he being a practising lawyer — that shortly afterwards he was absent at a political convention at Baton *118 Rouge, and before he could get home, the yellow fever had appeared, and he was quarantined on his return — that after he was permitted to enter the town of Monroe where he lives, he was prostrated by a dangerous illness, and has not yet recovered from its effects — that no person but himself can file an account, and he has been physically unable to do it — that he has either consumption or some kindred disease, and is undergoing medical treatment, and that confinement in jail would develop the disease, and he disclaims any desire to evade the provisions of the law prescribing his duties.
Upon the rule and answer trial was had, and he was given until Oct. 28th. to comply with the mandate. On that day nothing had been done, and he then presented a petition to the court, averring that his health had become worse; and that he had been working on the account but had not been able to finish it — that he has no intention of leaving the parish until the account is completed and filed, and that he intends to work upon it without turning aside to any other matter, and prays that the time be again extended.
■ The Court refused to grant any further delay, but did in fact grant a short time. On Oct. 31st. another peremptory mandate issued to the administrator to file his account on or before Nov. 4, or failing to obey, that he should be imprisoned until he does file it. It was not obeyed, and on Nov. 9th. the judge ordered that the administrator be imprisoned until he does obey it.
An appeal was prayed from this order, which being refused, application was made to us for a mandamus. It was issued in the alternative form, and the judge having answered, we have now to determine whether it shall be made peremptory.
The sole question for us to answer is, whether an appeal lies from such an order. The relator alleges that his personal liberty is worth more than five hundred dollars to him, and so might any one allege who had committed any sort of contempt, and if such allegation could give us jurisdiction, no court could exercise any disciplinary authority, since the infliction of punishment would be insLantly arrested by a suspensive appeal. Neither the matters involved in the settlement of the succession, which amounts to several thousand dollars, nor the defences or excuses made by the administrator for not filing his account, are to be considered now. If the parish judge had authority to punish for contempt, we cannot' interfere with, or impede the exercise of that authority. The Oode of Practice declares that all judges possess the powers necessary for the exercise of their respective jurisdictions, though the same be not expressly given by law, (art. 130) and even without that enactment, it is a power inherent in a court to repress disorder, and punish infractions of its discipline, for laws, says Blackstone, with *119 •out a competent authority to secure their administration from disobedience and contempt, would be vain and nugatory, and therefore the ¡power to punish contempts, by an immediate attachment of the offender, results from the first principles of judicial establishments, á Oomm. 286. In the next article of the Code of Practice, express power is given to the .judges to punish all contempts of their authority, and under the heading of accounts to be rendered by administrators, it prescribes imprisonment as the means to be employed to compel their rendition. If at the ■expiration of the time given by the judge, an administrator refuses or neglects to render his account, the judge shall issue a mandate directing him to comply with the provisions of the law, and if within the time ■allowed to obey this mandate, the administrator persists in refusing to render an account, without tendering a good reason for the delay, 'the judge shall order him to be arrested and imprisoned until he renders the ■account, art. 1011.
The relator bases his right of appeal in part upon the allegation -that the order is a final judgment, and its enforcement would work irreparable injury to him. Perpetual imprisonment would be an irreparable injury, but the duration of the imprisonment depends upon the administrator’s own action. When he obeys the order, his imprisonment terminates. Quoad the succession, the order is manifestly interlocutory, It is made in the course of legal proceedings for the purpose of pushing them on to a finality. Quoad the relator it is not final. By obeying it, he at once performs an important act in his gestión, and lays the basis for that final decree which shall approve his account, or sustain objections to it.
We do not omit noticing that the order to imprison has not been literally enforced. The relator is in jail only constructively. He has ■been on parole, as is said in the judge’s answer, the Sheriff being directed to hold him in custody, and to permit him to remain at his residence. This was humane, and under the circumstances of this case, very proper. The relator’s health, and his professional standing, justify -this relaxation of rigour, and as two months have now elapsed since -the order was made, we do not doubt that he has availed himself of that time to finish the account which the creditors hada right to require, ■¡and which the judge several times granted time for its preparation.
We cannot abridge the power of inferior courts to compel obedience to their lawful mandates, and if imprisonment of an administrator be a. harsh mode of compelling him to do an act of administration, or if it be a senseless mode, since he would be less able to prepare an account in jail than out of it, the abrogation of that mode of compulsion must be left with the legislature. So long asit is permitted by law, «courts may be compelled by creditors to apply it.
The peremptory mandamus is refused at the costs of the relator.